IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-59-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| FELIX A. OKAFOR, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Johnston County Sheriff's Office, and defendant the testimony of the proposed third-party custodian, his wife. The government introduced three exhibits, described below. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was charged in a 22-count indictment on 21 February 2012 with the following offenses: 4 counts of distribution of a quantity of marijuana (cts. 1, 3, 5, 7); 11 counts of using and carrying and/or possessing a firearm during and in relation to a drug trafficking crime (cts. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22); 6 counts of distribution of a quantity of heroin (cts. 9, 11, 13, 15, 17, 19); and 1 count of possession with intent to distribute a quantity of heroin and a quantity of marijuana (ct. 21). The alleged offenses occurred between 8 November 2011 and 11 January

2012. They arise of out 10 controlled, audio and video controlled purchases of either marijuana or heroin from defendant at his convenience store, the Flying Eagle convenience store in Benson, on each of the alleged offense dates and a search of store pursuant to a state search warrant on 11 January 2012. (*See* Gov't Exs. 2 (sketch of layout of store), 3 (list of items recovered in the search)). Defendant had a pistol on his person during each of the transactions, which he purportedly obtained because of prior robberies at the store. The store is located within 1,000 feet of a middle school, with which the store shares a property line. (*See* Gov't Ex. 1 (aerial photograph showing proximity of store to school)). There was also a controlled purchase of two firearms from defendant at the store on 6 December 2011, but no charge for that conduct is included in the indictment.

Given the nature of the charges against defendant, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: the strength of the government's case against defendant, including the recordings of the controlled drug purchases from him and the evidence obtained from the search of his store (*e.g.*, firearms, ammunition, illicit drugs, digital scales, other drug paraphernalia); the nature and circumstances of the offenses, including their relative recency and multiplicity, the involvement of drugs and guns in the offenses, the amount of drugs and number of guns involved (*e.g.*, the 14 November 2011 controlled purchase was of 498 grams of marijuana), and the proximity of the middle school to the store; the danger of continued drug and gun trafficking by defendant if he were released; the unsuitability of the proposed third-party custodial arrangement because of the level of risk of danger presented by defendant, his apparent

ability to secret his criminal activity from the proposed custodian (*i.e.*, he appears to have been leading a double life), the proposed custodian's work schedule, and the presence of three minors in the proposed custodial home; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. In particular, the court has considered defendant's lack of a criminal record. The gravity and magnitude of the charged offense conduct offsets the mitigating effect of this factor. While defendant also has a history of employment, his apparent use of his business to engage in criminal activity negates the salutary effect that his employment would otherwise have.

Although the government suggested that defendant's ties to Nigeria, his country of birth (he is a naturalized United States citizen), present a risk of flight, the court finds that defendant's family, among other considerations, would moderate any flight risk he presents (and there is some such risk given the extended prison term he faces if convicted). The court therefore rejects flight risk as a basis for defendant's detention.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2012.

James E. Gates
United States Magistrate Judge